# Illinois Official Reports

## Appellate Court

---

### *People v. Gil*, 2019 IL App (1st) 192419

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JASON GIL, Defendant-Appellant. |
| District & No. | First District, Sixth Division<br>No. 1-19-2419 |
| Filed | December 13, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 19-CR-03429; the Hon. Aleksandra Gillespie, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Barry Sheppard and Adam Sheppard, of Sheppard Law Firm, of Chicago, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg, Assistant State's Attorney, of counsel), for the People. |
| Panel | PRESIDING JUSTICE MIKVA delivered the judgment of the court, with opinion.<br>Justices Cunningham and Connors concurred in the judgment and opinion. |

## OPINION

¶ 1        This case is before the court on defendant Jason Gil's motion, filed in accordance with Illinois Supreme Court Rule 604(c) (eff. July 1, 2017), for review of the circuit court order denying him release on bail. The State has filed a response to that motion. We recently discussed the abbreviated procedures on a Rule 604(c) appeal in *People v. Simmons*, 2019 IL App (1st) 191253, and those procedures appear to have been properly followed here.

¶ 2        For the following reasons, we reverse the order of the circuit court denying Mr. Gil release on bail and remand to the circuit court for the purpose of setting the amount of bail and other conditions of his release.

## I. BACKGROUND

¶ 4        Mr. Gil was a math teacher at a Chicago Public School. In February 2019, he was arrested and charged with having had a sexual relationship with one of his students since 2016. The victim was alleged to have been 13 and 14 years old during the time that she had ongoing sexual contact and was trading nude photographs with Mr. Gil.

¶ 5        On February 12, 2019, a judge in the circuit court found that probable cause existed to detain Mr. Gil for multiple felony offenses. On that date, the court was provided with pretrial services' public safety assessment for Mr. Gil. It showed that Mr. Gil had no criminal record. The assessment placed him at a "1," the lowest possible number, in terms of "new criminal activity." It also placed him at a "1" on the possible failure to appear. It recommended "maximum conditions" if released. The court ordered that Mr. Gil be held without bail. The court focused on the disturbing nature of the alleged crimes and concluded:

> "The aggravation in this case tremendously outweighs the mitigation. The Court finds that this defendant who stands before me poses a real and present threat to this victim as well as this community. The Court further finds that the proof is evident, the presumption great that this defendant indeed committed those offenses as charged."

¶ 6        On February 14, another judge in the circuit court denied Mr. Gil's motion to set bail. The court again focused on the "factors in aggravation and mitigation" and, on the basis of the "findings" of the original circuit court judge, continued the order of no bail.

¶ 7        Mr. Gil was indicted by the grand jury, and the parties then appeared before a third judge on March 26, 2019, for arraignment. Counsel for Mr. Gil argued that he was eligible for bail. The State acknowledged that Mr. Gil was statutorily eligible for bail and that the State had not filed any motion to deny bail. The court again denied the motion for bail and ruled that the earlier order of no bail would stand.

¶ 8        On April 10, 2019, Mr. Gil's counsel filed a motion to reconsider the denial of bail. On July 26, 2019, the parties appeared before the current circuit court judge, and she again, after a hearing, concluded: "After hearing the facts of this case, reviewing the Pretrial Services Public Safety Assessment, I agree with my peers that [Mr. Gil] shall be held no bail."

¶ 9        On August 28, 2019, Mr. Gil filed a motion in the circuit court, pursuant to Rule 604(c), seeking further reconsideration of the denial of bail. On October 23, 2019, the parties again appeared before the court, who again denied the motion to reconsider the denial of bail. This last motion was the necessary predicate to filing this appeal under Rule 604(c).

## II. ANALYSIS

The parties' dispute before this court focuses on which section of the bail statute applies in this case. Mr. Gil relies on section 110-6.1 of the bail statute (725 ILCS 5/110-6.1 (West 2016)), which requires the State to file a verified petition before bail can be denied to a defendant who, like Mr. Gil, has been charged with a non-probationable felony offense and requires three specific factual findings before bail can be denied. The State relies on section 110-4(a) of the statute (*id.* § 110-4(a)), which it contends gives the circuit court authority to hold a defendant without bail on a non-probationable felony offense without any petition by the State, so long as the court "after a hearing, determines that the release of the defendant would pose a real and present threat to the physical safety of any person or persons." The parties both acknowledge that the relatively new Cook County Circuit Court General Order 18.8A, which has drastically reduced the use of cash bail in Cook County, may have injected some confusion into the correct procedure for a no-bail order. See Cook County Cir. Ct. G.O. 18.8A (July 17, 2017).

It is clear to us that, while section 110-4(a) provides the range of cases in which bail *can* be denied, the specific procedures set forth in section 110-6.1 of the bail statute apply in this case. And, as the State acknowledges, they were not followed.

First, section 110-4(a) of the statute contains a general provision that defines bailable offenses and those offenses for which bail can be denied:

"§ 100-4. Bailable Offenses.

(a) All persons shall be bailable before conviction, except the following offenses where the proof is evident or the presumption great that the defendant is guilty of the offense: capital offenses; offenses for which a sentence of life imprisonment may be imposed as a consequence of conviction; felony offenses for which a sentence of imprisonment, without conditional and revocable release, shall be imposed by law as a consequence of conviction, where the court after a hearing, determines that the release of the defendant would pose a real and present threat to the physical safety of any person or persons; stalking or aggravated stalking ***; or unlawful use of weapons [under certain conditions], where the court, after a hearing, determines that the release of the defendant would pose a real and present threat to the physical safety of any person and denial of bail is necessary to prevent fulfillment of that threat; or making a terrorist threat [under certain conditions], where the court, after a hearing, determines that the release of the defendant would pose a real and present threat to the physical safety of any person and denial of bail is necessary to prevent fulfillment of that threat." 725 ILCS 5/110-4(a) (West 2016).

Section 110-6.1, in contrast, specifically addresses the procedures and requirements for denying bail for a non-probationable felony offense. Several of the charges against Mr. Gil fall into this category, and the parties agree that the only basis on which Mr. Gil was denied bail was because he was charged with non-probationable felony offenses. That section provides:

"§ 110-6.1. Denial of bail in non-probationable felony offenses.

(a) Upon verified petition by the State, the court shall hold a hearing to determine whether bail should be denied to a defendant who is charged with a felony offense for which a sentence of imprisonment, without probation, periodic imprisonment or conditional discharge, is required by law upon conviction, when it is alleged that the

defendant's admission to bail poses a real and present threat to the physical safety of any person or persons.

\* \* \*

(b) The court may deny bail to the defendant where, after the hearing, it is determined that:

(1) the proof is evident or the presumption great that the defendant has committed an offense for which a sentence of imprisonment, without probation, periodic imprisonment or conditional discharge, must be imposed by law as a consequence of conviction, and

(2) the defendant poses a real and present threat to the physical safety of any person or persons \*\*\*, and

(3) the court finds that no condition or combination of conditions \*\*\* can reasonably assure the physical safety of any other person or persons." *Id.* § 110-6.1.

¶ 15 In this case, there was no "verified petition by the State" and there was no finding, as required by section 110-6.1, that "no condition or combination of conditions \*\*\* [could] reasonably assure the physical safety of any other person or persons." *Id.* § 110-6.1(b)(3). While the court did recite the statutory words required in both sections that "the defendant poses a real and present threat to the physical safety of any person or persons," there was really no evidence presented to support such a finding. Rather, as described above, the State focused on the disturbing facts of the alleged crimes and the strong evidence that it believed it had to prove its case.

¶ 16 It is fundamental that, in construing statutes, "where there are two statutory provisions, one of which is general and designed to apply to cases generally, and the other is particular and relates to only one subject, the particular provision must prevail." *Village of Chatham v. County of Sangamon*, 216 Ill. 2d 402, 431 (2005). In this case, the specific statute for a no-bail order for non-probationable offenses was not followed. No petition was filed by the State, and no finding was made by the court that no conditions of bail could assure physical safety.

¶ 17 The State offers no rationale for ignoring the clear legislative directive applicable to this case. The State cites *People ex rel. Hemingway v. Elrod*, 60 Ill. 2d 74, 80 (1975), for the proposition that "the denial of bail to an accused \*\*\* is within the inherent power of the court." That case, which rejected the argument that a defendant in a noncapital case had an absolute right to bail, says nothing about what procedures control when the circuit court denies a defendant bail. We do not question the power of the circuit court to deny bail, provided the proper procedures are followed and the necessary findings are made. Here, however, neither of those things occurred.

¶ 18 The State also cites the committee commentary to Cook County Circuit Court General Order 18.8A where the committee noted that the order was not intended "to limit or infringe the inherent authority of the judiciary, as it relates to bail." Cook County Cir. Ct. G.O. 18.8A, Comments ¶ 19 (July 17, 2017) (citing *Hemingway*, 60 Ill. 2d 74). However, as noted, that case does not suggest that statutes are not to be followed nor could the committee commentary to a Cook County general order overcome the force of an Illinois statute. Mr. Gil also suggests that the language of General Order 18.8A may be confusing judges about the correct procedure for denying bail. While the general order does not specifically reference the requirements of a

petition by the State and a finding by the court that no conditions can assure safety, a state statute would control over a local general order, and indeed, the order makes clear that it should be "interpreted to supplement Art. 110 [(the bail statute)], and nothing in this order shall be construed to supersede or limit its provisions." In short, there is no conflict between General Order 18.8A and the bail statute. Section 110-6.1 of that statute controls here, and it is clear that the procedural and substantive requirements of section 110-6.1 must be and were not followed.

¶ 19    Mr. Gil requests that we set a significant monetary bond ourselves with conditions including electronic monitoring or return this matter to the circuit court to set bail. We think the better procedure is to return this case to the circuit court which will allow the parties to explore what conditions will best assure Mr. Gil's appearance at trial and any necessary protection for the public.

¶ 20                                    III. CONCLUSION

¶ 21    The no-bail order entered by the circuit court is reversed. This case is remanded to the circuit court for purposes of promptly setting this case for hearing and for determining the monetary bond and other conditions of release on bail. The mandate in this case shall issue immediately.

¶ 22    Reversed and remanded.