NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 230833-U

NO. 4-23-0833

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 5, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Rock Island County |
| LATOYA MILTON, | ) | No. 23CF614 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Peter W. Church, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Zenoff and Knecht concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court did not abuse its discretion by denying defendant pretrial release.

¶ 2    Defendant, Latoya Milton, appeals the trial court's order denying her pretrial release under article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), as recently amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act). On appeal, defendant seeks leave to file a late memorandum in support of her appeal, challenging the State's authority to file a petition to deny her pretrial release and arguing the evidence was insufficient to support the court's detention order. We deny defendant's request for leave to file a late memorandum and affirm the court's order.

¶ 3                                    I. BACKGROUND

¶ 4    On August 5, 2023, the State charged defendant with possession of a stolen firearm

(720 ILCS 5/24-3.8(a), (b) (West 2022)) and unlawful possession of a weapon by a felon (*id.* § 24-1.1(e)). It alleged defendant possessed "a black Hi-Point 9mm" firearm while knowing that it had been stolen and without being entitled to possess it. The State also alleged that defendant was previously convicted of a felony offense in Rock Island County case No. 15-CF-360. At a hearing the same day, the trial court set defendant's bond at $50,000, requiring a deposit of 10%. Defendant did not post bond and remained in detention.

¶ 5        On August 7, 2023, a pretrial bond report was filed. The report stated defendant refused to be interviewed and, as a result, "[n]o risk assessment was completed." It further showed that defendant had a lengthy criminal history, including several prior felony convictions and "multiple prior [failures to appear] in her background."

¶ 6        On August 16, 2023, defendant filed a motion for reduction of bail. Following a hearing, the trial court reduced defendant's bond to "$20,000 with 10% to apply." Again, defendant did not post bond and remained in detention.

¶ 7        On September 11, 2023, defendant filed a motion for pretrial release, referencing sections 110-2 and 110-6.1 of the Code (725 ILCS 5/110-2, 110-6.1 (West 2022)). She asked the court to immediately order her release from detention on the conditions that she appear as ordered, submit herself to the orders of the court, not violate any criminal statutes, and surrender all firearms.

¶ 8        Three days later, on September 14, 2023, the State filed a verified petition to deny defendant pretrial release, citing section 110-6.1(a)(1) of the Code (*id.* § 110-6.1(a)(1)). It asserted defendant was charged with a felony offense for which, based on the charge or defendant's criminal history, a sentence of imprisonment was required upon conviction, "and the defendant's pretrial release pose[d] a real and present threat to the safety of any person or persons or the

community." As a factual basis in support of its request for the denial of pretrial release, the State alleged that at 3:16 a.m. on August 5, 2023, defendant was a passenger in a vehicle stopped by the police. During the traffic stop, a police canine "alerted on the vehicle." An officer searched defendant and located a hard object, which was found to be "a black Hi-Point C9 9mm" firearm that had been reported stolen. The State also alleged that in September 2015, defendant was found guilty in case No. 15-CF-360 of a Class 4 felony offense.

¶ 9        On September 18, 2023, the trial court conducted a detention hearing in the matter. In support of its request to deny defendant pretrial release, the State recounted the information set forth in its factual basis, pointed out that defendant had 11 prior felony convictions, and noted she refused an interview with pretrial services. It further argued that defendant was charged with a felony offense that was detainable and not subject to probation. Regarding the "dangerousness standard," the State argued as follows:

> "[D]angerousness would be the previous felony convictions as well as the current weight of the evidence. All of this was captured on body worn or squad camera with the weapon being located and we would also state that her refusal to be interviewed as well as the 11 previous felony convictions would show an intent to obstruct prosecution."

Defendant's counsel responded by arguing that defendant's criminal history did not involve any crimes of violence or crimes involving a gun and that nothing articulable about the facts of the case indicated defendant posed a threat to any person or the community.

¶ 10        Ultimately, the trial court ordered defendant to remain in detention. It found the presumption was great that defendant committed the charged offenses and that the State had met its burden of proving dangerousness. The court stated defendant's "extensive prior history, the

nature of the current offense, and the fact that there was no cooperation on the pretrial bond report" caused it to have concerns about defendant's "safety in the community." Further, the court found there were "no conditions which would reasonably ensure the appearance or prevent the defendant from being charged with a subsequent offense." The same day, the court entered a written order for detention, finding by clear and convincing evidence that (1) proof was evident or the presumption great that defendant had committed a detainable offense, (2) defendant posed a real and present threat to the safety of any person, persons, or the community, and (3) no condition or combination of conditions could mitigate the real and present safety threat posed by defendant.

¶ 11		Also on September 18, 2023, defendant filed a notice of appeal pursuant to Illinois Supreme Court Rule 604(h) (eff. Sept. 18, 2023), seeking to vacate the trial court's detention order. Using the form approved for Rule 604(h) appeals, defendant identified two claims of error. First, she checked a box on the form indicating that a ground for her requested relief was the State's failure "to meet its burden of proving by clear and convincing evidence that [she] pose[d] a real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case." In the space provided on the form for elaboration as to that ground, defendant asserted there were "insufficient facts alleged in [the] State's proffer." Second, defendant checked a box on the form indicating a further ground for her requested relief was that "[t]he court erred in its determination that no condition or combination of conditions would reasonably ensure [her] appearance *** for later hearings or prevent [her] from being charged with a subsequent felony or Class A misdemeanor." In the space provided for elaboration on that ground, defendant claimed "insufficient facts alleged by [the] court."

¶ 12		II. ANALYSIS

¶ 13		A. Motion Taken With the Case

- 4 -

¶ 14        On appeal, defendant has filed a motion for leave to file a memorandum in support of her Rule 604(h) appeal *instanter*, which we ordered taken with the case. In the motion—filed November 15, 2023—defendant asserted her memorandum was untimely "due to undersigned counsel mistakenly believed [*sic*] a second notice of appeal had been filed in the case." She asked this court to allow the filing of her memorandum, which she attached to her motion. Defendant's attached memorandum set forth two grounds for vacating the trial court's detention order: (1) that the State lacked the authority to petition for her detention because prior to the effective date of the Act, the court had ordered her released on a cash bond and (2) the State did not prove by clear and convincing evidence that she posed a safety threat to any person or persons or the community.

¶ 15        The State has filed an objection to defendant's motion, noting defendant's memorandum was due to be filed no later than November 1, 2023, and was, thus, 14 days overdue by the time defendant sought leave to file her memorandum *instanter*. Additionally, it complains that the proposed memorandum included "new arguments" that were unrelated to any grounds for relief set forth in defendant's notice of appeal.

¶ 16        Pursuant to Rule 604(h)(1)(iii), a defendant may appeal from an order denying him or her pretrial release. Ill. S. Ct. R. 604(h)(1)(iii) (eff. Sept. 18, 2023). However, the appellate procedure for reviewing these types of interlocutory orders is significantly abbreviated. Ill. S. Ct. R. 604(h)(2), (h)(3), (h)(5) (eff. Sept. 18, 2023). In particular, a defendant must file his or her notice of appeal within 14 days of the order from which review is being sought. Ill. S. Ct. R. 604(h)(2) (eff. Sept. 18, 2023). Docketing statements are not required, and the rule does not provide for briefing by the parties. *Id.* Rather, the notice of appeal must "describe the relief requested and the grounds for the relief requested." *Id.* Such language suggests "some form of argument is required, along with justification for claiming entitlement to relief—like references to

the record, the evidence presented, or, if possible, legal authority." *People v. Inman*, 2023 IL App (4th) 230864, ¶ 12.

¶ 17     Additionally, "the appellant may file, but is not required to file, a memorandum." Ill. S. Ct. R. 604(h)(2) (eff. Sept. 18, 2023). The memorandum may not exceed 4500 words and must be filed within 21 days of the filing of the supporting record, which must itself be filed within 30 days of the filing of the notice of appeal. *Id.* Further, the appellee may also file a memorandum in response to either the appellant's memorandum, or if one is not filed, the notice of appeal. *Id.* The appellee's response must "be filed within 21 days of the time for filing the appellant's memorandum." *Id.* After the time for filing any response and memorandum has expired, this court must consider and decide the appeal within 14 days. Ill. S. Ct. R. 604(h)(5) (eff. Sept.18, 2023).

¶ 18     Notably, "[r]eplies and extensions of time will be allowed only by order of court for good cause shown." Ill. S. Ct. R. 604(h)(2) (eff. Sept. 18, 2023). Further, the supreme court rules otherwise provide that "[m]otions for extensions of time shall be filed on or before the due date of the document the party is seeking an extension of time to file." Ill. S. Ct. R. 361(f) (eff. Feb. 1, 2023).

¶ 19     In this instance, defendant's notice of appeal was filed on September 18, 2023, the same day the trial court entered its written detention order. The supporting record was filed and sent to the parties on October 11, 2023, meaning that any memorandum filed by defendant was due on or before November 1, 2023. Instead of filing her motion within the required time frame or requesting an extension of time under the rules, defendant moved to file her motion *instanter* 14 days after her filing deadline expired and only 7 days before the State's response was due. Given the shortened time frames applicable to Rule 604(h) appeals, we do not find defendant's 14-day delay to be insignificant. Additionally, defendant's rationale for her untimely filing—counsel's

belief that a second notice of appeal had been filed—is unconvincing. It is the filing of the supporting record that triggers the time period within which an appellant's memorandum must be filed, not the notice of appeal. Defendant's single-sentence explanation does little to clarify her lengthy delay in submitting her memorandum.

¶ 20 Moreover, as stated, a Rule 604(h) notice of appeal must set forth grounds for the relief being requested. Recently, in *People v. Martin*, 2023 IL App (4th) 230826, ¶ 19, we held that our review under the Act is limited "to the issues fairly raised by a liberal construction of defendant's notice of appeal," and issues not raised in the notice were forfeited. There, the defendant raised issues in his memorandum that were not set forth in his notice of appeal. *Id.* ¶ 16. In finding our review of the issues was limited, we noted the requirements of Rule 604(h) and stated that, while the contents of a notice of appeal are to be liberally construed, "this court does not have authority to excuse compliance with the filing requirements of the supreme court rules governing appeals." (Internal quotation marks omitted.) *Id.* ¶ 18.

¶ 21 Here, not only was there a significant delay by defendant with respect to the filing of her memorandum, the memorandum attached to her motion presented grounds that were clearly not raised in her notice of appeal. Given the circumstances presented, we deny defendant's motion for leave to file a memorandum supporting her Rule 604(h) appeal *instanter*, and we consider only the grounds for relief set forth in defendant's timely filed notice of appeal.

¶ 22                                B. Denial of Pretrial Release

¶ 23 In her notice of appeal, defendant asserted the facts alleged by the State and found by the trial court were insufficient to support the court's detention order. We disagree.

¶ 24 The record shows the State sought to prevent defendant's pretrial release citing section 110-6.1(a)(1) of the Code (725 ILCS 5/110-6.1(a)(1) (West 2022)). That section provides

that a court may deny a defendant pretrial release if the defendant is charged with a felony offense other than a forcible felony, a sentence of imprisonment is required by law upon conviction, "and it is alleged that the defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case." *Id.* Under such circumstances, the State bears the burden of proving by clear and convincing evidence that (1) "the proof is evident or the presumption great that the defendant has committed" a detainable offense, (2) "the defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case," and (3) no condition or combination of conditions set forth in section 110-10(b) of the Code (*id.* § 110-10(b)) could mitigate the safety threat. *Id.* § 110-6.1(e)).

¶ 25　　　　On appeal, we review the trial court's detention order for an abuse of discretion. *Inman*, 2023 IL App (4th) 230864, ¶¶ 10-11. "An abuse of discretion occurs when the circuit court's decision is arbitrary, fanciful or unreasonable, or where no reasonable person would agree with the position adopted by the [circuit] court." (Internal quotation marks omitted.) *Id.* ¶ 10.

¶ 26　　　　In her notice of appeal, defendant first asserted the State failed to meet its burden of proving dangerousness by clear and convincing evidence, arguing there were "insufficient facts alleged in [it's] proffer." Notably, however, she raised no challenge to either the court's finding that (1) the proof was evident or the presumption great that she committed a detainable offense or (2) no condition or combination of conditions could mitigate the threat to the safety of the community. Ultimately, the court found that the State had sufficiently proved dangerousness, stating defendant's extensive criminal history, the nature of the current offense, and defendant's lack of cooperation on the pretrial bond report caused it to have concerns about the safety threat she posed to the community. Its findings were supported by evidence presented at the hearing,

which showed that during an early morning traffic stop, defendant was found to be carrying a stolen firearm on her person. Additionally, not only did defendant unlawfully possess the weapon as a convicted felon, but she also had a significant criminal record that included at least 11 felony convictions. Further, the evidence was undisputed that defendant had refused an interview with pretrial services following her arrest.

¶ 27 Based on the evidence presented and the arguments of the parties, we cannot say the trial court's decision to deny defendant pretrial release was arbitrary, fanciful, unreasonable, or such that no reasonable person could agree. *Id.* ¶ 10. Accordingly, we find no abuse of discretion by the court.

¶ 28 We note that in her notice of appeal, defendant also asserted that the trial court erred in finding "that no condition or combination of conditions would reasonably ensure the appearance of defendant for later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor." Although the record shows the court also made this finding at the detention hearing, we find it unnecessary to consider its propriety given our determination that the court did not err by detaining defendant on the basis that she posed a threat to the safety of the community.

¶ 29 III. CONCLUSION

¶ 30 For the reasons stated, we deny defendant's motion for leave to file a Rule 604(h) memorandum *instanter* and affirm the trial court's order.

¶ 31 Affirmed.