NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 231177-U

NO. 4-23-1177

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 18, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Rock Island County |
| BRANDAN L. ANDREWS, | ) | No. 23CF702 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Daniel P. Dalton, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Presiding Justice Turner and Justice Harris concurred in the judgment.

**ORDER**

¶ 1   *Held*:  The appellate court vacated the trial court's order denying defendant's pretrial release where the court failed to make sufficient findings. The case was remanded for a new detention hearing.

¶ 2   Defendant, Brandan L. Andrews, appeals the trial court's order denying his pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110 *et seq.*) (West 2022)), as amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act). On appeal, defendant argues the court abused its discretion when denying his pretrial release when it (1) failed to make a written finding for why he posed a real and present threat and (2) failed to explain why no conditions of pretrial release would mitigate that threat. For the following reasons, we vacate the order and remand for a new detention hearing.

¶ 3                                 I. BACKGROUND

¶ 4        On September 11, 2023, defendant was charged by information with armed violence (720 ILCS 5/33A-2(a) (West 2022)) for being armed with a dangerous weapon, namely an FN 9-millimeter pistol, while possessing more than 15 grams but less than 100 grams of a substance containing methylenedioxymethamphetamine (MDMA (also known as ecstasy)); possession of a controlled substance (720 ILCS 570/402(a)(7.5(A) (West 2022)) for possessing the MDMA; unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2022)) for possessing the FN 9-millimeter pistol after having been previously convicted of unlawful possession of a weapon by a felon; and aggravated unlawful use of a weapon (*id.* § 24-1.6(a)(1)(3)(A)) for carrying the FN 9-millimeter pistol concealed on his person after having been convicted for a felony theft.

¶ 5        On October 27, 2023, defendant filed a motion for pretrial release. On October 31, 2023, the State filed a petition to deny defendant's pretrial release.

¶ 6        At the detention hearing, the State proffered that on September 10, 2023, police officer Darren Southwell observed a white 2021 Kia K5 near Pub 1848. Southwell observed two occupants, defendant and Justin Andrews, enter the establishment. Defendant returned to the vehicle and "handed something" to A.H-B. (who is indicated in the record to be a minor), who had remained in the vehicle. When defendant left the establishment, Southwell noticed defendant was observing where he and fellow police officer Andrew Compton were standing. Southwell conducted a traffic stop on the vehicle for a traffic violation. The driver did not consent to a search of the vehicle. Compton had a K9 officer perform a perimeter search of the vehicle, which indicated the presence of a narcotic. Compton located a firearm, later determined to be an FN 9-millimeter pistol, on A.H-B.'s person.

¶ 7        A.H-B. was read his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), and thereafter stated the firearm belonged to defendant, who had "thrown it" onto his lap during the traffic stop. A.H-B said the firearm had been in defendant's fanny pack that he was wearing throughout the evening at various bars. Officers located the fanny pack in the vehicle where defendant had been seated. Inside the fanny pack, the officer found a bag containing pills that field-tested positive for ecstasy in the amount of 20.26 grams. Officers also found a charging cable in the fanny pack that when connected to the flashlight on the firearm, began to charge the flashlight. At the time of the incident, defendant was on pretrial release for domestic battery, violation of an order of protection, and aggravated battery with a previous conviction for unlawful possession of a weapon by a felon.

¶ 8        Defendant argued the State failed to establish probable cause for the weapons-related charges because it was unable to show the firearm belonged to him. Defendant argued the firearm was not found on his person and A.H-B. had a motive to lie to avoid being charged himself. Additionally, defendant claimed the police reports indicated A.H-B. had not seen defendant with a firearm and was not given the firearm. Defendant argued the State failed to show he was "a danger to anyone." He said he had signed up for counseling and would attend if granted pretrial release. He would abide by pretrial release conditions, including home confinement and electronic monitoring.

¶ 9        The trial court found the proof was evident defendant committed the crimes as alleged. The court also found defendant to be a threat to the community based on his possession of a firearm and his prior history, including the fact he was on pretrial release for "violent crimes." The court stated:

"[Defendant] is a threat to the safety of other persons and the community, whether it be the victim in the underlying or the cases he was out on a pretrial release or in general because he's carrying a gun that he's not allow[ed] to carry in any way, shape, or form."

¶ 10　　In its written order, the trial court's handwriting for why less restrictive conditions would not assure the safety of any person or the community is difficult to read. Regarding the court's reasons for concluding defendant should be denied pretrial release, the court wrote nothing.

¶ 11　　Defendant utilized the notice of appeal form in the Article VI Forms Appendix to the Illinois Supreme Court Rules. See Ill. S. Ct. R. 606(d) (eff. Oct. 19, 2023). On the form, defendant asked for the detention order to be vacated. Under the grounds for relief, defendant checked the following boxes, with his supporting detail shown in italics:

"The State failed to meet its burden by proving by clear and convincing evidence that the proof is evident or the presumption great that defendant committed the offense(s) charged.

*Lack of probable cause*.

The State failed to meet its burden of proving by clear and convincing evidence that defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case.

*Insufficient facts alleged in State's proffer.*

The State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions can mitigate the real and

present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case, or defendant's willful flight.

*Insufficient facts alleged in State's proffer.*

The court erred in its determination that no condition or combination of conditions would reasonably ensure the appearance of defendant for later hearings or prevent defendant from being charged with a subsequent felony or Class A misdemeanor.

*Insufficient facts alleged by court [and] in the State's proffer.*

¶ 12       This appeal followed.

¶ 13                                      II. ANALYSIS

¶ 14       On appeal, defendant argues the trial court abused its discretion denying his pretrial release when it (1) failed to make a written finding for why he posed a real and present threat and (2) failed to explain why no conditions of pretrial release would mitigate that threat.

¶ 15       All criminal defendants are presumed eligible for pretrial release. 725 ILCS 5/110-6.1(e) (West 2022). A defendant may be denied pretrial release only if the State proves by clear and convincing evidence: (1) the proof is evident or the presumption great the defendant committed a detainable offense, (2) the defendant poses a threat to the safety of the community or any person(s) in the community, and (3) no combination of conditions can mitigate the threat to the safety of the community or person(s). *Id.* §§ 110-6.1(a), (e)(1)-(3). We review the trial court's decision to deny pretrial release for an abuse of discretion. *People v. Inman*, 2023 IL App (4th) 230864, ¶¶ 10-11. A court abuses its discretion by issuing a decision that is arbitrary, fanciful, or unreasonable—that is, a decision with which no reasonable person would agree. *Id.* ¶ 10.

¶ 16          The parties do not dispute that defendant was charged with a detainable offense. However, we find two issues that impede our review. First, the Code specifically requires the written detention order to summarize the trial court's reasons for denying pretrial release and explain why less restrictive conditions would not mitigate any threat the defendant posed. The Code states as follows:

> "(h) Detention order. The court shall, in any order for detention:
>
> (1) Make a written finding summarizing the court's reasons for concluding that the defendant should be denied pretrial release, including why less restrictive conditions would not avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case ***." 725 ILCS 5/110-6.1(h)(1) (West 2022).

¶ 17          The trial court's written detention order does not summarize its reasons for concluding defendant should be denied pretrial release. The use of "shall" in a statute " 'generally indicates the legislature's intent to impose a mandatory obligation.' " *People v. Manoharan*, 394 Ill. App. 3d 762, 767 (2009) (quoting *People v. Robinson*, 217 Ill. 2d 43, 50 (2005)). The court's failure to summarize its reasons for concluding defendant should be denied pretrial release in its written order does not comply with section 110-6.1(h)(1) and therefore was error.

¶ 18          Second, our review of the record does not reveal the trial court considered why less restrictive conditions would not mitigate the threat defendant posed. We are unable to confidently discern what the court wrote in its order for why less restrictive conditions would not assure the safety of any person(s) or the community. Thus, the court's oral and written findings fail to comply with the legislative requirements of addressing less restrictive conditions of

release. See *People v. Martin*, 2023 IL App (4th) 230826, ¶ 23 (concluding the trial court did not adequately address less restrictive conditions of release where its findings were insufficient for failing to provide any detail or explanation for the court's determination).

¶ 19        Because the trial court did not comply with the Code, we are unable to address the sufficiency of the facts underlying the court's decision to deny pretrial release. *Id.* ¶ 24 ("While the facts underlying the court's decision may well have been sufficient to deny defendant pretrial release on any combination of nonmonetary conditions, we cannot supply the missing conclusion; the Act requires that these matters be addressed by the trial court."). Therefore, we conclude the court abused its discretion by failing to make a record adequate to allow meaningful review of its discretion. *Id.*

¶ 20                        III. CONCLUSION

¶ 21        For the reasons stated, we vacate the trial court's order denying defendant pretrial release and remand with directions for court to set a new detention hearing and conduct those further proceedings in a manner consistent with this order.

¶ 22        Vacated and remanded with directions.