NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 231432-U

NO. 4-23-1432

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 15, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| DEREK P. SIEBRING, | ) | No. 23CF1195 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Scott Kording, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Harris and Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed, finding the circuit court did not abuse its discretion in denying defendant pretrial release.

¶ 2    Defendant, Derek P. Siebring, appeals the circuit court's order denying him pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), hereinafter as amended by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act). See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52, 223 N.E.3d 1010 (setting the Act's effective date as September 18, 2023). On appeal, defendant argues the State failed to prove by clear and convincing evidence the proof was evident or presumption great he committed the charged offenses, he posed a real and present threat to the

safety of any person or the community based on the facts of the case, no conditions could mitigate that threat or prevent his willful flight, and the circuit court erred in finding no conditions would ensure his appearance for later hearings or prevent defendant from being charged with a subsequent felony or Class A misdemeanor. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4            On November 27, 2023, the State charged defendant with six counts of first degree murder (720 ILCS 5/9-1(a)(1)-(3) (West 2022)), aggravated kidnaping (720 ILCS 5/10-2(a)(8) (West 2022)), aggravated battery with great bodily harm (720 ILCS 5/12-3.05(a)(1) (West 2022)), aggravated battery with a deadly weapon (720 ILCS 5/12-3.05(f)(1) (West 2022)), and aggravated battery with strangulation (720 ILCS 5/12-3.05(a)(5) (West 2022)). On the same day, the State filed a petition to deny pretrial release and the circuit court conducted a detention hearing.

¶ 5            The charging documents alleged defendant beat Jamere Bew with a baseball bat, strangled him with a cord and duct tape, took him to a remote location, and shot him in the head, causing his death. According to the State's proffer, defendant admitted to shooting the victim, and a witness confirmed it. The State asserted defendant attempted to cover up his actions by cleaning the apartment in which he beat Bew. When officers tried to arrest defendant, he barricaded his apartment, and a SWAT team needed to knock down the door to effectuate the arrest.

¶ 6            The pretrial services report showed defendant was 18 years old at the time of his arrest and he had juvenile adjudications for aggravated assault using a rifle in 2022 and possession of methamphetamine in 2023. Defendant scored a 4 out of 6 on the New Criminal

Activity Scale and a 2 out of 6 on the Failure to Appear Scale. Defendant had an extraditable warrant in a pending Indiana case.

¶ 7 Defense counsel argued defendant was 18 years old when he allegedly committed the charged offenses, lived locally, cooperated with officers, was receiving mental health treatment, and was seeking substance abuse treatment, and therefore his dangerousness and risk of flight were mitigated.

¶ 8 The circuit court granted the State's petition, finding the State proved by clear and convincing evidence the proof was evident or the presumption great that defendant committed a qualifying offense, he posed a real and present threat to the community, and no conditions would mitigate that threat. In rendering its decision, the court observed defendant was charged with committing multiple premeditated brutal and heinous acts, which culminated in murder. Defendant admitted to committing those acts. The court found defendant would likely commit new offenses and would not voluntarily appear at future hearings if released. The court noted the evidence refuted defense counsel's assertion that defendant cooperated with officers because a SWAT team needed to break down his door to arrest him. The court found there was "ample evidence" defendant tried to cover up his actions by cleaning the apartment and it was likely defendant would flee or conceal additional evidence if he received pretrial release.

¶ 9 After the circuit court entered its written order denying defendant pretrial release, defendant filed his notice of appeal under Illinois Supreme Court Rule 604(h)(1)(iii) (eff. Oct. 19, 2023).

¶ 10 This appeal followed.

¶ 11 II. ANALYSIS

¶ 12 Defendant filed a notice of appeal utilizing the notice of appeal form in the Article VI Forms Appendix to the Illinois Supreme Court Rules. See Ill. S. Ct. R. 606(d) (eff. Oct. 19, 2023). The form lists several possible grounds for appellate relief and directs appellants to "check all that apply and describe in detail." Defendant checked the following four grounds for relief: (1) the State failed to prove the proof is evident or presumption great that he committed the offenses charged, (2) the State failed to prove he posed a threat to the safety of any person or the community, (3) the State failed to prove that no combination of conditions could mitigate against the threat he posed, and (4) the circuit court erred in determining no combination of conditions would ensure his appearance at later hearings or prevent him from being charged with a subsequent felony or Class A misdemeanor. Defendant's supporting legal memorandum argued the court erred by failing to explain why no conditions could mitigate the threat defendant posed or defendant's risk of willful flight.

¶ 13 Before a circuit court grants a petition seeking to deny pretrial release, the State must prove by clear and convincing evidence (1) "the proof is evident or the presumption great that the defendant has committed an offense listed in subsection (a)," (2) "the defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case," and (3) "no condition or combination of conditions *** can mitigate *** the real and present threat to the safety of any person or persons or the community." 725 ILCS 5/110-6.1(e)(1), (2), (3)(i) (West 2022). We review a pretrial release decision for an abuse of discretion. *People v. Inman*, 2023 IL App (4th) 230864, ¶¶ 10-11. An abuse of discretion occurs when the decision is arbitrary, fanciful, or unreasonable, or where no reasonable person would agree with the court's position. *Inman*, 2023 IL App (4th) 230864, ¶ 10. Under this standard, a reviewing court will not substitute its own judgment for that of the circuit

court simply because it would have analyzed the proper factors differently. *Inman*, 2023 IL App (4th) 230864, ¶ 11. Likewise, "we will not substitute our own judgment for the trier of fact on issues regarding the weight of the evidence or the credibility of witnesses." *People v. Vega*, 2018 IL App (1st) 160619, ¶ 44, 123 N.E.3d 393.

¶ 14 The entirety of defendant's first argument consists of a checked box on the form notice of appeal. An appellant may not satisfy their burden of persuasion by merely checking a box on a form notice of appeal next to boilerplate language—the appellant must also point to some specific facts or aspect of the case supporting the checked ground for relief. See *Inman*, 2023 IL App (4th) 230864, ¶ 13 (holding appellants must "at least include some rudimentary facts, argument, or support for the conclusory claim they have identified by checking a box"). Defendant provided no additional explanation for his argument that the State failed to establish the proof is evident or presumption great that he committed the offenses charged, either in his notice of appeal or in his supporting legal memorandum. Therefore, we are left with the record itself. "We presume the circuit court knows, follows, and applies the law, unless the record affirmatively rebuts that presumption." *Inman*, 2023 IL App (4th) 230864, ¶ 14. Because nothing in the record rebuts that presumption, we affirm the court's judgment regarding defendant's first argument.

¶ 15 Second, defendant argues the State failed to prove he posed a real and present threat to the safety of any person or the community because he "was cooperative with officers in [his] interview," "[l]ives locally," and "does not score high on [the] Public Safety Assessment." The State's proffer indicated defendant beat his victim with a baseball bat, strangled him, took him to a remote location, and shot him to death. Defendant then took steps to conceal evidence by cleaning the apartment where the beating occurred, and he barricaded his apartment when

officers initially tried to arrest him. The circuit court's dangerousness finding was not an abuse of discretion.

¶ 16    Third, defendant argues the State failed to prove no combination of conditions could mitigate against the threat he posed to the safety of any person or the community because "[t]here is no evidence that he would willfully flea to avoid prosecution because *** [he] was cooperative in the interview, likely to his future detriment." Defendant's decision to barricade himself in his apartment to obstruct officers' efforts to arrest him demonstrates a lack of cooperation. Additionally, defendant is charged with committing a premeditated and brutal act of violence, and he has already confessed. Further, defendant has an extraditable warrant in a case in another state. Based on these facts, the circuit court did not abuse its discretion by finding no conditions could mitigate the threat defendant posed to the community.

¶ 17    Fourth, defendant argues the circuit court erred in determining no combination of conditions could reasonably ensure his appearance at later hearings or prevent him from being charged with a subsequent felony or Class A misdemeanor, and by not explaining why that was the case. Between the heinous nature of defendant's alleged acts, his alleged steps to conceal his actions, and his criminal history, which includes a pending case in another state with a fully extraditable warrant, the court did not abuse its discretion in finding no conditions could ensure defendant's appearance at later hearings or prevent him from committing further offenses. The court also made a thorough record, both during the detention hearing and in its written detention order, explaining why it found defendant's dangerousness and risk of flight could not be mitigated by any pretrial release conditions. The court highlighted the heinous nature of the offenses, the fact that they were premeditated and committed in concert with others, the fact that defendant admitted to committing the offense, and defendant's efforts to conceal evidence.

Based on these factors, the court found no pretrial release conditions could mitigate defendant's dangerousness to the community. The law allows the court to consider these factors, and we will not substitute our own judgment on appeal. *Inman*, 2023 IL App (4th) 230864, ¶ 11.

¶ 18    In his supporting memorandum, defendant relies on this court's decisions in *People v. Martin*, 2023 IL App (4th) 230826, and *People v. Atterberry*, 2023 IL App (4th) 231028, to support his assertion the circuit court "failed to make an adequate record for review by failing to explain *why* no condition could mitigate any risk." (Emphasis in original.) In *Martin*, we found "[t]he [circuit] court's oral statement that [defendant] needs to be detained, with no further detail provided in its detention order, falls short of complying with the clear legislative directive to address less restrictive conditions of release." (Internal quotation marks omitted.) *Martin*, 2023 IL App (4th) 230826, ¶ 23. In *Atterberry*, the circuit court "failed to, and refused to, consider and apply the proper statutory criteria," and it included in its ruling "a lengthy and biased commentary about the wisdom of Illinois's recent bail reform." *Atterberry*, 2023 IL App (4th) 231028, ¶ 16. We find neither case analogous. Unlike in *Martin*, the circuit court here included detailed findings both during the hearing and in its written order explaining its reasons for denying pretrial release. Unlike in *Atterberry*, the court followed and applied the Code when deciding to detain defendant. Accordingly, no abuse of discretion occurred below, as the court's decision was not arbitrary, fanciful, or unreasonable. *Inman*, 2023 IL App (4th) 230864, ¶ 10.

¶ 19                              III. CONCLUSION

¶ 20    For all these reasons, we affirm the judgment of the circuit court.

¶ 21    Affirmed.