NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 240269-U

NO. 4-24-0269

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 6, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Henry County |
| JOHN E. KURZEJA, | ) | No. 24CM23 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Terence M. Patton, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justice Harris concurred in the judgment.
Justice Lannerd specially concurred.

**ORDER**

¶ 1    *Held*:   The appellate court affirmed, finding the circuit court did not abuse its discretion
in revoking defendant's pretrial release.

¶ 2        Defendant, John E. Kurzeja, appeals the circuit court's order revoking his pretrial

release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS

5/art. 110 (West 2022)), hereinafter as amended by Public Act 101-652, § 10-255 (eff. Jan. 1,

2023), commonly known as the Pretrial Fairness Act (Act). See Pub. Act 102-1104, § 70 (eff.

Jan. 1, 2023) (amending various provisions of the Act).

¶ 3        On appeal, defendant argues (1) the circuit court lacked statutory authority to

deny him pretrial release, (2) the State failed to show he committed the charged offense, (3) the

State failed to show he posed a real and present threat to the safety of any person or the community, and (4) the State failed to show no conditions could mitigate that threat. We affirm.

¶ 4                          I. BACKGROUND

¶ 5         On February 7, 2024, the State charged defendant with transmitting a false report to a public safety agency, a Class A misdemeanor (720 ILCS 5/26-1(a)(5) (West 2022)), and filed a verified petition to revoke pretrial release pursuant to section 110-6 of the Code (725 ILCS 5/110-6 (West 2022)). Notably, the petition was a six-page form document entitled "The People's Verified Petition to Deny Defendant Pretrial Release," and its first page purportedly sought to deny pretrial release pursuant to section 110-6.1 of the Code (725 ILCS 5/110-6.1 (West 2022)). However, on the document's fifth page, the State asserted defendant was on pretrial release in Henry County case No. 23-CM-211 when he allegedly committed the charged offense, and it checked a box asserting "defendant is charged with a felony or a Class A offense that was committed while the defendant was on Pretrial Release in the instant offense," which cited section 110-6(a) (725 ILCS 5/110-6(a) (West 2022)).

¶ 6         The petition alleged defendant made 17 calls to the nonemergency phone line between 3:53 p.m. on February 6, 2024, and 12 a.m. on February 7, 2024. Officers responded to the final call, in which defendant claimed that "drones were flying around him and a neighbor across the street." The responding officers arrested defendant and took him to a hospital. Officers detected the "strong odor of alcohol" emanating from defendant, but defendant refused to provide a breath sample. The petition referenced other incidents where defendant allegedly threatened to "take down a door and kill" a pretrial services officer, fight officers conducting a welfare check, and "kill an officer so he could go to jail." During the welfare check, officers

observed many empty beer cans in defendant's room, and they believed defendant was under the influence of alcohol.

¶ 7      On the same day, the circuit court conducted a hearing, during which it referred to the State's petition as a "petition to deny pretrial release." The State proffered the following:

"Your Honor, [defendant] has been ordered not to possess or consume alcohol. We have these violation reports alleging consumption of alcohol and further interaction with the police. He's currently on pretrial release for a similar offence in 23CM211. State's contention that he is violating the conditions of the release by consuming alcohol here, was believed to be under the influence last night by officers, but refused to submit to any breath test.

He is still engaging in similar behavior allegations here, making 17 calls to the nonemergency number, between the hours of 4:00 p.m. and midnight last night. And it's the State's position that there's no condition or series of conditions that can be placed upon [defendant] to ensure his compliance with pretrial release standards. So that's why we're asking for him to be detained at this point in time."

¶ 8      Defense counsel argued the State did not show by clear and convincing evidence the proof was evident or presumption great defendant committed the charged offense because defendant's "severe mental health issues" prevented him from acting with the requisite intent. Counsel insisted defendant did not pose a threat to any person or the community because the conduct in question involved repeatedly calling a nonemergency phone line rather than "violent outbursts or explosions."

¶ 9      The circuit court found the proof was evident or presumption great defendant committed the charged offense, noting, "This is his third pending charge for making false reports

to police agencies." The court found defendant's conduct posed a threat to the community by tying up "resources, dispatchers and police officers who have to respond, that may be necessary to respond to other emergencies." The court found no pretrial release conditions could mitigate that threat "because all he's got to do is pick up a telephone" to reoffend. Based on this, the court decided to "grant the petition to deny pretrial release."

¶ 10 The circuit court entered a written order detaining defendant, which found defendant's conduct was dangerous because "law enforcement [was] tied up dealing with [defendant's] calls as opposed to dealing with emergencies," and "no series of conditions can be placed on [defendant], as all he has to do is pick up the phone" to transmit more false reports. After the court entered its written order, defendant filed his notice of appeal under Illinois Supreme Court Rule 604(h)(1)(iii) (eff. Dec. 7, 2023).

¶ 11 This appeal followed.

¶ 12 II. ANALYSIS

¶ 13 Defendant filed a notice of appeal utilizing the notice of appeal form in the Article VI Forms Appendix to the Illinois Supreme Court Rules. See Ill. S. Ct. R. 606(d) (eff. Dec. 7, 2023). The form lists several possible grounds for appellate relief and directs appellants to "check all that apply and describe in detail." Defendant checked the following grounds for relief: the State failed to prove by clear and convincing evidence (1) the proof is evident or presumption great defendant committed the charged offense and (2) defendant poses a real and present threat to the safety of any person or the community. The Office of the State Appellate Defender, defendant's appointed counsel on appeal, filed an accompanying memorandum, which additionally argued the circuit court lacked authority to detain defendant under either section 110-6 or 110-6.1 of the Code, and the State failed to prove no conditions could mitigate the

- 4 -

threat defendant posed. The State contends the court did not abuse its discretion in revoking defendant's pretrial release pursuant to section 110-6.

¶ 14 We agree with defendant the circuit court lacked statutory authority to deny pretrial release under section 110-6.1, which requires the State to prove by clear and convincing evidence "the proof is evident or the presumption great that the defendant has committed an offense listed in subsection (a)." 725 ILCS 5/110-6.1(e)(1) (West 2022). Transmitting a false report is a Class A misdemeanor not listed in subsection (a). See 725 ILCS 5/110-6.1(a)(1)-(7) (West 2022). However, section 110-6 permits a court to revoke pretrial release where the defendant is charged "with a felony or Class A misdemeanor that is alleged to have occurred during the defendant's pretrial release." 725 ILCS 5/110-6(a) (West 2022). The record shows defendant was on pretrial release in case No. 23-CM-211 when he was charged with a Class A misdemeanor in this case. Therefore, the court had authority to revoke defendant's pretrial release under section 110-6. See 725 ILCS 5/110-6(a) (West 2022).

¶ 15 We note neither the State nor the circuit court clearly identified the proceedings below as the revocation of defendant's pretrial release. The title of the State's form petition purportedly sought to "deny defendant pretrial release," and the opening paragraph cited section 110-6.1 of the Code. The petition did not mention section 110-6 until the fifth page of a six-page document, at which point the State asserted defendant was on pretrial release in another case when he allegedly committed the charged offense. Further, the court's form written order repeatedly cited section 110-6.1, rather than section 110-6. Indeed, neither the parties nor the court uttered the words "revoke" or "revocation" during the hearing below—instead, the petition was described as a "petition to deny pretrial release." Moving forward, we urge the State and

- 5 -

circuit court to avoid the ambiguity present in this case by revising their respective form petitions and orders, and to clearly identify the nature of the proceedings on the record.

¶ 16        However, based on the record, it appears everyone involved understood they were engaged in proceedings to revoke defendant's pretrial release, and they treated the matter accordingly. The State's petition included a checked box citing section 110-6, and it declared defendant was already on pretrial release in case No. 23-CM-211. The State reiterated this fact during the hearing. Defendant's counsel did not argue the charged offense was not detainable under section 110-6.1, but instead argued the State failed to show defendant committed the offense. Therefore, we review the proceedings below for compliance with section 110-6.

¶ 17        In addition to requiring that a defendant be charged with a felony or Class A misdemeanor while on pretrial release, section 110-6(a) mandates "the revocation hearing shall occur within 72 hours of the filing of the State's petition." 725 ILCS 5/110-6(a) (West 2022). During the hearing, the defendant "shall be represented by counsel and have an opportunity to be heard regarding the violation and evidence in mitigation." 725 ILCS 5/110-6(a) (West 2022). "The State shall bear the burden of proving, by clear and convincing evidence, that no condition or combination of conditions of release would reasonably ensure the appearance of the defendant for later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor." 725 ILCS 5/110-6(a) (West 2022). In making its determination, a circuit court "shall consider all relevant circumstances, including, but not limited to, the nature and seriousness of the violation or criminal act alleged." 725 ILCS 5/110-6(a) (West 2022).

¶ 18        We have held the determination of whether pretrial release should be granted or denied is reviewed under an abuse-of-discretion standard. See *People v. Jones*, 2023 IL App (4th) 230837, ¶¶ 27, 30. "An abuse of discretion occurs when the circuit court's decision is

arbitrary, fanciful or unreasonable or where no reasonable person would agree with the position adopted by the [circuit] court." (Internal quotation marks omitted.) *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 9, 143 N.E.3d 833. Under this standard, a reviewing court will not substitute its own judgment for that of the circuit court simply because it would have analyzed the proper factors differently. *People v. Inman*, 2023 IL App (4th) 230864, ¶ 11. Likewise, "we will not substitute our own judgment for the trier of fact on issues regarding the weight of the evidence or the credibility of witnesses." *People v. Vega*, 2018 IL App (1st) 160619, ¶ 44, 123 N.E.3d 393.

¶ 19        The circuit court did not abuse its discretion in revoking defendant's pretrial release. The record shows defendant was on pretrial release in Henry County case No. 23-CM-211 when the State charged him with a Class A misdemeanor in this case. The record shows the court conducted the revocation hearing within the required timeframe. See 725 ILCS 5/110-6(a) (West 2022). Based on the State's proffer, the court found the proof was evident or presumption great defendant committed the charged offense because it was his third pending charge for transmitting false reports. The court further found defendant's conduct threatened the safety of the community by occupying resources and personnel who might otherwise be necessary to respond to an emergency. Finally, the court found the ease with which defendant might reoffend if granted pretrial release indicated no conditions could mitigate the threat he posed. The fact that defendant was charged with transmitting a false report to a public safety agency in this case while on pretrial release for a similar charge in case No. 23-CM-211 supports the court's conclusion. The court properly conducted the revocation hearing and considered the appropriate factors in making its determination. Defendant has failed to show otherwise. Accordingly, we find the court's decision was not an abuse of discretion, as it was not arbitrary, fanciful, or unreasonable. See *Jones*, 2023 IL App (4th) 230837, ¶¶ 27, 30.

¶ 20                                    III. CONCLUSION

¶ 21            For all these reasons, we affirm the judgment of the circuit court.

¶ 22            Affirmed.

¶ 23            JUSTICE LANNERD, specially concurring:

¶ 24            I agree with my esteemed colleagues we should affirm the circuit court's

judgment denying defendant pretrial release. However, I write separately because it is evident

through a review of the record the State filed a verified petition to deny pretrial release pursuant

to section 110-6.1 (725 ILCS 5/110-6.1 (West 2022)), *not* a petition to revoke pretrial release

pursuant to section 110-6 (725 ILCS 5/110-6 (West 2022)). Although the State may have

intended to file a petition to revoke pretrial release, because the offense of transmitting a false

report to a public safety agency is not otherwise detainable, it is clear it failed to do so.

¶ 25            The State filed a document captioned "The People's Verified Petition to Deny

Defendant Pretrial Release" and indicated it sought to deny pretrial release pursuant to section

110-6.1. Conversely, a petition to revoke pretrial release would be governed by section 110-6.

Additionally, the State's petition was filed in Henry County case No. 24-CM-23 rather than

Henry County case No. 23-CM-211, the case in which defendant was on pretrial release.

Moreover, the circuit court characterized the State's pleading as a petition to deny pretrial

release, and the State called it a pretrial detention petition. During the hearing on the petition, the

court considered the requirements for detention outlined in section 110-6.1, rather than the

requirements for revocation pursuant to section 110-6. The record clearly indicates the parties

did not argue defendant's pretrial release in case No. 23-CM-211 should be revoked and failed to

make any reference to the statutory bases for revoking defendant's pretrial release. After the

hearing, the court then signed a detention order in the instant case, not case No. 23-CM-211,

indicating a hearing was conducted pursuant to section 110-6.1(c)(2) (725 ILCS 5/110-6.1(c)(2) (West 2022)), which is not the section governing petitions to revoke pretrial release. For these reasons, I would conclude the State filed a petition to deny pretrial release pursuant to section 110-6.1, not a petition to revoke pretrial release pursuant to section 110-6.

¶ 26          This court has consistently held arguments raised in a defendant's memorandum but not raised in the notice of appeal are forfeited. See *People v. Martin*, 2023 IL App (4th) 230826, ¶¶ 18-19. Defendant argued in his supporting memorandum the circuit court lacked authority to detain him pretrial because he was not charged with a detainable offense. However, defendant failed to check the box in his notice of appeal that "Defendant was not charged with an offense qualifying for denial or revocation of pretrial release or with a violation of an order of protection qualifying for revocation of release." Under Illinois Supreme Court Rule 604(h)(2) (eff. Dec. 7, 2023), which governs appeals under the Act, a defendant's notice of appeal "*shall* describe the relief requested and the grounds for the relief requested." (Emphasis added.) Accordingly, I would conclude defendant forfeited this issue by failing to raise it in his notice of appeal. Therefore, defendant has failed to establish the court abused its discretion.