2024 IL App (2d) 240118
Nos. 2-24-0118 & 2-24-0119 cons.
Opinion filed June 7, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of De Kalb County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | Nos. 17-CF-300 17-CF-301 |
| ROBERTO SILVA JR., | ) ) | Honorable Marcy L. Buick, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE KENNEDY delivered the judgment of the court, with opinion.
Justices Hutchinson and Jorgensen concurred in the judgment and opinion.

**OPINION**

¶ 1 Defendant, Roberto Silva Jr., appeals from the denial of his pretrial release under section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)). For the following reasons, we reverse the judgment of the trial court and remand for further proceedings.[1]

_____

[1]Pursuant to Illinois Supreme Court Rule 604(h)(5) (eff. Apr. 15, 2023), our decision here was due on or before May 23, 2024, absent a finding of good cause for extending the deadline. Based on the high volume of appeals under the Act that are pending in this court, as well as the

¶ 2                                    I. BACKGROUND

¶ 3      Defendant was arrested on April 25, 2017, on charges stemming from allegations that he sexually assaulted his two stepdaughters. On May 5, 2017, defendant was indicted in De Kalb County case No. 17-CF-300 on charges of (1) predatory criminal sexual assault of a child, a Class X felony (720 ILCS 5/11-1.40(a)(1) (West 2016)), and (2) aggravated criminal sexual abuse, a Class 2 felony (*id.* § 11-1.60(c)(1)). Defendant was likewise indicted in De Kalb County case No. 17-CF-301 on two counts of predatory criminal sexual assault of a child (*id.* § 11-1.40(a)(1)), a Class X felony (*id.* § 11-1.40(b)(1)). Defendant's bond was set at $500,000 in each case for a total of $1,000,000. Defendant has remained in custody throughout the pendency of the cases.

¶ 4      On September 26, 2023, after the effective date of the recent amendments to the Code, commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act or Pretrial Fairness Act (see Pub. Act 101-652, § 10-255 (eff. Jan. 1, 2023); Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023)), defendant filed a motion requesting a hearing under section 110-5(e) of the Code (725 ILCS 5/110-5(e) (West 2022)) pursuant to section 110-7.5(b) (*id.* § 110-7.5(b)). On September 27, 2023, the State responded to defendant's motion by filing a verified petition to deny defendant pretrial release pursuant to section 110-6.1 of the Code (*id.* § 110-6.1). On September 27, 2023, an order was entered continuing the case to October 24, 2023, for hearing on the defendant's motion and the State's petition. The continuance order was prepared by the State but indicated the continuance was made on the motion of defendant.

---

complexity of the issues and the lack of precedential authority, we find good cause for extending the deadline in this case. *People v. Earnest*, 2024 IL App (2d) 230390, ¶ 1 n.2.

¶ 5    At the October 24, 2023, hearing, defendant challenged the fact that he did not receive a hearing within 48 hours of the State filing its section 110-6.1 petition. In doing so, defense counsel stated, "I did not request a continuance in this matter." Neither the State nor the trial court disputed this assertion. The court heard arguments, took the motion and the petition under advisement, and set a date of December 13, 2023, 50 days later, "for ruling and also status." Again, the State prepared the continuance order, indicating that the continuance was entered on the motion of defendant. Yet the hearing transcripts indicated that the December 13, 2023, date was selected because the assistant state's attorney assigned to the case was leaving the office and the case was being reassigned to another attorney. Defense counsel stated that he had no objection to the December 13 date. So, the continuance would have been by agreement, rather than the motion of defendant.

¶ 6    On December 13, 2023, the court again continued the matter for "ruling on [defendant's] motion for [pretrial] release" to January 11, 2024, 29 days later. On January 11, 2024, the court again continued the matter "by agreement" for ruling on the defendant's motion and the State's petition, this time to February 1, 2024, 128 days after defendant filed his motion.

¶ 7    On February 1, 2024, the court entered an order denying defendant's motion for pretrial release, based on a general finding that defendant posed a real and present threat to the safety of a person or persons or the community and that no condition or combination of conditions could mitigate the threat. The only specific facts mentioned in the court's order were that defendant "has prior felony convictions and has been sentenced to DOC." At the hearing, the court stated only that defendant was approximately 43 years old at the time of the offense, the victims were under the age of 13, and defendant had served a 6-year prison sentence in 1994 for manufacture and delivery of cocaine. Defendant timely appealed.

¶ 8                                    II. ANALYSIS

¶ 9      Defendant filed a separate, but essentially identical, notice of appeal and memorandum in each case. Defendant argues in his notices of appeal that the State failed to show by clear and convincing evidence that (1) the proof was evident or presumption great that defendant committed the charged offenses, (2) defendant poses a real and present threat to the safety of any person or persons or the community, (3) no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community, and (4) no condition or combination of conditions would reasonably ensure the appearance of defendant for later hearings or prevent defendant from being charged with a subsequent felony or Class A misdemeanor. In addition, defendant argues that (5) he did not receive a fair hearing because his motion was not heard until 28 days after it was filed and was not ruled upon for an additional 100 days, the State's section 110-6.1 petition was untimely, and, further, section 110-6.1(c)(2) (*id.* § 110-6.1(c)(2)) requires that a section 110-6.1 hearing be held within at most 48 hours and the hearing here was not held until 27 days after the State filed its petition, with no ruling for another 100 days. Argument (4) relates to a motion to revoke pretrial release under section 110-6(a) (*id.* § 110-6(a)) and is inapplicable to the instant case.

¶ 10     Defendant's memoranda focus only on the trial court's finding that no condition or combination of conditions could mitigate the real and present threat defendant posed to the safety of any person or persons or the community.

¶ 11     The State argues that, because defendant's memoranda discuss only the conditions of release, the other arguments contained within the notices of appeal are forfeited. This court and others have set forth a general rule that, when a defendant files a memorandum, it controls over the notice of appeal and the failure to include arguments raised in the notice of appeal constitutes

forfeiture or abandonment of those arguments. *People v. Acosta*, 2024 IL App (2d) 230475, ¶¶ 15-16; *People v. Forthenberry*, 2024 IL App (5th) 231002, ¶ 42. However, forfeiture is a limitation on the parties, not the court, and we "may look beyond considerations of forfeiture to maintain a sound and uniform body of precedent or where the interests of justice so require." *People v. Jackson*, 2020 IL 124112, ¶ 118. Accordingly, we choose to address the arguments set forth in defendant's notice of appeal regarding the timeliness of the trial court's hearing and order.

¶ 12    Defendant argues that the trial court denied him the right to a fair hearing on his section 110-5(e) motion by waiting 28 days to hear that motion and an additional 100 days before issuing a ruling. Likewise, the trial court denied his right to a fair hearing by waiting 27 days to hold a section 110-6.1 hearing and an additional 100 days to rule on the State's verified petition to deny pretrial release, where section 110-6.1(c)(2) allows at most a continuance of 48 hours from a defendant's first appearance.

¶ 13    The State argues that the initial continuance on hearing the defendant's motion and the State's petition was attributable to defendant, citing the September 27, 2023, continuance order. The State further argues that the Code does not prescribe a timeframe for ruling on either a verified petition to deny pretrial release under section 110-6.1(c)(2) or a motion under section 110-7.5(b).

¶ 14    This case presents an issue of statutory construction, which we review *de novo*. *Sperl v. Henry*, 2018 IL 123132, ¶ 23. The primary goal of statutory interpretation is to ascertain and give effect to the intent of the legislature. *Ryan v. Board of Trustees of the General Assembly Retirement System*, 236 Ill. 2d 315, 319 (2010). The best indication of the legislature's intent is the plain language of the statute itself. *Id.* In determining the plain meaning of statutory language, the court looks to the statute as a whole, the subject it addresses, and the apparent intent of the legislature. *People v. Perry*, 224 Ill. 2d 312, 323 (2007).

¶ 15    Section 110-7.5(b) of the Code sets forth procedures for those defendants who remained in pretrial detention following the effective date of the amendments to the Code. Defendants who remain "in pretrial detention after having been ordered released with pretrial conditions, including the condition of depositing security, shall be entitled to a hearing under subsection (e) of Section 110-5." 725 ILCS 5/110-7.5(b) (West 2022). This provision applies to defendant, though it notably does not indicate a time period in which the hearing is required to be held. Nor does section 110-5(e) specify a time period in which such a hearing is to be held, stating, "If a person remains in pretrial detention 48 hours after having been ordered released with pretrial conditions, the court shall hold a hearing to determine the reason for continued detention." *Id.* § 110-5(e).

¶ 16    Section 110-6.1(c)(2) does provide a time period in which a hearing must be held on a State's verified petition to deny pretrial release but does not appear to contemplate all situations in which such a petition may arise. Section 110-6.1(c)(2) states, "Upon filing, the court shall immediately hold a hearing on the petition unless a continuance is requested." *Id.* § 110-6.1(c)(2). Such a continuance may be either for 24 hours from the defendant's first appearance if the defendant is charged with a Class 4 felony or misdemeanor offense or within 48 hours if the defendant is charged with a Class 3 felony or above. *Id.* As the provisions regarding continuances reference the defendant's first appearance, and it would be impracticable to hold a hearing immediately in an instance where the defendant is not before the court—such as where a defendant has been released from custody or the State files a petition to deny pretrial release in response to a motion of the defendant—the timing provisions of section 110-6.1(c)(2) must apply only to instances in which the petition to deny pretrial release is filed at the defendant's first appearance or another proceeding in which the defendant is before the court at the time of filing.

¶ 17    As such, there is no explicit timeframe during which the trial court must hear defendant's section 110-5(e) motion or the State's responsive section 110-6.1 petition to deny pretrial release. That being said, the legislature instructs us that the amended Code "shall be liberally construed to effectuate the purpose of relying on pretrial release by nonmonetary means." *Id.* § 110-2(e). Likewise, there is a clear policy throughout the amended Code disfavoring lengthy detention prior to an adjudication regarding pretrial detention. See *id.* § 110-6(a) ("the revocation hearing shall occur within 72 hours of the filing of the State's petition or the court's motion for revocation"); *id.* § 110-6.1(c)(2). Accordingly, while the Code does not provide for an explicit period of time in which a trial court must hold a hearing on a section 110-5(e) motion or a responsive section 110-6.1 petition, we find that the trial court is required to hold a hearing and issue its ruling within a reasonable amount of time.

¶ 18    The hearing on defendant's motion was held 28 days from the date it was filed. The only hearings relating to pretrial detention that the amended Code contemplates being held so long after the filing date are motions to reconsider in cases where defendants are being held without bond under the previous statutory schema. See *id.* § 110-7.5(b) (90 days for defendants who are held because they are dangerous and 60 days for defendants who pose a flight risk).

¶ 19    Further, we reject the State's argument that the hearing on the defendant's motion and the State's petition was timely because defendant requested a continuance. While the September 27, 2023, continuance order indicates that the continuance was on the motion of defendant, defendant's later assertion, at the October 24, 2023, hearing, that he had not requested a continuance went undisputed by the State or the trial court. Additionally, the September 27, 2023, continuance order was prepared by the State, which also prepared the October 24, 2023,

continuance order incorrectly attributing that continuance solely to defendant, which calls the accuracy of the September 27, 2023, continuance order further into doubt.

¶ 20    Regardless, any continuance requested by defendant would not excuse the fact that the trial court did not issue its ruling for another 100 days after it held the hearing. The Code contemplates detaining defendants for not more than 90 days, excepting delay caused by the granting of certain continuance requests of the parties. *Id.* § 110-6.1(i) ("[T]he defendant shall be brought to trial on the offense for which he is detained within 90 days after the date on which the order for detention was entered. If the defendant is not brought to trial within the 90-day period required by the preceding sentence, he shall not be denied pretrial release."). As the 90-day period does not begin to run until an order of detention is entered, the trial court effectively tolled the 90-day period by failing to rule on the motion and the petition for over 127 days, more than doubling the length of defendant's pretrial detention as contemplated by the Code.

¶ 21    This unreasonable delay in issuing its ruling constitutes a clear abuse of discretion by the trial court, made more egregious by the fact that defendant had already been detained for six years prior to his motion, remaining in pretrial detention for more than *seven years* at the time of writing. This is precisely the type of situation the legislature sought to remedy with its recent amendments to the Code. The trial court's delay in hearing and ruling on the motion and the petition in the instant case was manifestly unreasonable and therefore erroneous. See *id.* § 110-6(a) ("the revocation hearing shall occur within 72 hours of the filing of the State's petition or the court's motion for revocation"); *id.* § 110-6.1(c)(2).

¶ 22    As the trial court's conduct in the instant case was clearly unreasonable, we need not determine the precise limits of when a trial court must hold a hearing and issue a ruling on a defendant's motion. However, based on other limitations from the Code regarding when the trial

court must hold a hearing for a detained defendant, a period of seven days would appear to be the upper limit.

¶ 23    The Code prescribes a seven-day period in which the trial court must hold a hearing on motions to reconsider the conditions of pretrial release in instances where defendants were being held without bond under the previous schema but are not eligible for pretrial detention under the amended section 110-6.1 and therefore are presumptively eligible for release barring extenuating circumstances. *Id.* § 110-7.5(b)(3). The only periods exceeding seven days are those for holding hearings on motions to reconsider the conditions of pretrial release in instances where defendants were being held without bond under the previous schema and are eligible for pretrial detention under the new schema based on a finding of dangerousness or flight risk at 90 days and 60 days respectively. All other periods are less than seven days. See *id.* §§ 110-6(a), 110-6.1(c)(2).

¶ 24    Having determined that the trial court's failure to hold a hearing in a timely manner was an abuse of discretion, we must now determine the appropriate remedy. In an unpublished order, the Fourth District considered the appropriate remedy where the trial court failed to hold a hearing on the State's section 110-6.1 petition to deny pretrial release within 48 hours of the defendant's first appearance, notwithstanding the State's request for a continuance. *People v. McCarthy-Nelson*, 2024 IL App (4th) 231582-U, ¶¶ 5-6. The *McCarthy-Nelson* court ultimately concluded that the appropriate remedy for failure to hold a hearing in the time prescribed by the section 110-6.1(c)(2) "is to remand the case to the trial court for the purpose of promptly holding a hearing to determine the least restrictive conditions of defendant's pretrial release." *Id.* ¶ 18.

¶ 25    The *McCarthy-Nelson* court relied on *People v. Gil*, 2019 IL App (1st) 192419. In *Gil*, the defendant filed an appeal pursuant to Illinois Supreme Court Rule 604(c) (eff. July 1, 2017), arguing that the trial court erred in detaining him without bail, where the State had not filed a

verified petition to deny bail as required by the prior version of section 110-6.1 (725 ILCS 5/110-6.1 (West 2016)). *Gil*, 2019 IL App (1st) 192419, ¶ 15. The reviewing court agreed and determined that the appropriate remedy was to remand for proceedings to set an appropriate amount of bail and other conditions of release. *Id.* ¶ 19.

¶ 26    Following the reasoning of *McCarthy-Nelson* and *Gil*, we reverse the trial court's order denying pretrial release and remand for a hearing to determine conditions of pretrial release.

¶ 27    While we need not reach the issue of whether there was clear and convincing evidence to support the finding that no condition or combination of conditions could mitigate the real and present threat to the safety of any person or persons or the community in this case, we will briefly address the matter. A review of the record reveals that the trial court failed to make sufficient findings regarding why less restrictive conditions would not avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case as required by section 110-6.1(h)(1) of the Code. 725 ILCS 5/110-6.1(h)(1) (West 2022); *People v. Stock*, 2023 IL App (1st) 231753, ¶ 20. The trial court considered only the age of defendant and the victims, which are elements of the offenses for which he is charged, and defendant's 1994 conviction of manufacture and delivery of cocaine, which being over 30 years old at this point is of limited relevance.

¶ 28                                III. CONCLUSION

¶ 29    We reverse the judgment of the circuit court of De Kalb County and remand for a hearing to determine conditions of pretrial release.

¶ 30    Reversed and remanded.

*People v. Silva*, **2024 IL App (2d) 240118**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of De Kalb County, Nos. 2017-CF-300, 17-CF-301; the Hon. Marcy Buick, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Carolyn Klarquist, and Deborah K. Pugh, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |